FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLEN EDWIN G., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:21-CV-00133-LRS <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND GRANTING DEFENDANT'S MOTION FOR REMAND |

BEFORE THE COURT is the Plaintiff's motion summary judgment and Defendant's motion for remand. ECF Nos. 14, 17. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Maren A. Bam. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties'

ORDER - 1

briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 14, is granted in part and Defendant's motion for remand, ECF No. 17, is granted.

## JURISDICTION

Allen Edwin G.[1] (Plaintiff) filed for disability insurance benefits and supplemental security income on May 5, 2016, alleging in both applications an onset date of October 5, 2015. Tr. 297-303. Benefits were denied initially, Tr. 185-89, and upon reconsideration, Tr. 192-97. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on September 11, 2017. Tr. 36-71. On December 13, 2017, the ALJ issued an unfavorable decision, Tr. 157-77. The Appeals Council remanded the case to the ALJ on October 21, 2019. Tr. 178-81.

After a second hearing on June 2, 2020, Tr. 72-100, a different ALJ issued another unfavorable decision on June 26, 2020. Tr. 12-35. The Appeals Council denied review, Tr. 1-6, and the matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[1] Plaintiff's last initial is used to protect his privacy.

ORDER - 2

Plaintiff was 42 years old at the time of the second hearing. Tr. 77. He has a GED. Tr. 77. He has 25 years of work experience as a bricklayer. Tr. 54. He also has work experience as a drywall installer, cook, and baker. Tr. 64-65. He completed training as a medical biller but has never worked in that capacity. Tr. 54-55. At the first hearing, Plaintiff testified that two fingers on his right hand had been numb for two years. Tr. 55. He testified he had difficulty opening jars, turning doorknobs, and tying his shoes. He had a shoulder injury resulting in two shoulder surgeries. Tr. 59. He had herniated discs in his back. Tr. 61.

At the time of the second hearing, Plaintiff testified he still had problems with his right shoulder, neck, and lower back. Tr. 80. He started having a problem with his left knee in approximately 2017. He had a scope of the left knee in 2018 and was awaiting scheduling of knee surgery. Tr. 78, 81. He also had a problem with his left hand which originally began after it was injured in an industrial accident in 2015. Tr. 81. He has difficulty grasping and feeling with his left hand. Tr. 83-84.

### STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and

ORDER - 3

citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER - 4

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

ORDER - 5

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national

ORDER - 6

economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 5, 2015, the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: right shoulder SLAP tear and degenerative changes, status post repair and decompression; cervical spine degenerative disc disease; lumbar spine degenerative disc disease; and left knee meniscal tear, status post arthroscopy. Tr. 18. At step three, the ALJ found that

ORDER - 7

Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work, "except never crouch, crawl, or climb ladders, ropes, or scaffolds; occasionally stoop and kneel; less than occasionally climb flights of stairs; never reach overhead and occasionally reach laterally with the dominant right arm; and avoid extreme cold temperatures, excessive vibration, and unprotected heights. Tr. 19.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 26. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as mail clerk, small parts assembler, and courier. Tr. 27. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 5, 2015, the alleged onset date, through the date of the decision. Tr. 28.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 14. Plaintiff raised the following issue for review: whether the ALJ properly evaluated the medical opinion evidence.

ORDER - 8

ECF No. 14 at 2. Defendant's motion for remand agrees that the ALJ failed to properly consider the medical opinion evidence. ECF No. 17 at 2. The parties disagree as to the remedy. ECF Nos. 17, 18. Thus, the issue before the court is the appropriate remedy.

## DISCUSSION

Plaintiff argues and Defendant concedes that the ALJ failed to address the opinion of the medical expert at the first hearing, Nossa Maya, M.D. ECF No. 14, 17. Plaintiff urges the court to remand for an immediate award of benefits. ECF No. 14, 18.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

Courts have credited evidence and remanded for an award of benefits where (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

ORDER - 9

determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *see Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Furthermore, a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989); *see Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (holding court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (citing *McAllister*); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990). Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)).

ORDER - 10

Here, the ALJ overlooked and failed to discuss the opinion of the medical expert at the first hearing. Dr. Maya opined that Plaintiff has limitations on handling, fingering, and feeling due to ulnar neuropathy in his right hand which the vocational expert at the first hearing testified would preclude work. Tr. 41-47, 65-68. Plaintiff argues Dr. Maya's opinion should be credited under the credit-as-true rule and benefits should be awarded. ECF No. 14. Defendant argues that it is unclear whether the ALJ disagreed with Dr. Maya's opinion and that conflicting medical opinions require remand. ECF No. 17 at 5-6.

In assessing handling, fingering, and feeling limitations, Dr. Maya relied on electrodiagnostic test results from Dr. Soto. Tr. 41-57. In January 2016, Plaintiff was referred to Dr. Soto for electrodiagnostic testing of the right upper extremity due to complaints of pain in the neck and right shoulder with tingling and numbness in the entire right arm and hand. Tr. 632. After testing, Dr. Soto diagnosed mild right ulnar neuropathy across the wrist. Tr. 634. Dr. Maya testified that the limitation on occasional fingering, feeling, and handling was based on the January 2016 nerve conduction study. Tr. 44. He noted testing "did not indicate severe" ulnar neuropathy and that surgery had not been done, but "we always advise patients who have early carpal tunnel or cubital tunnel to avoid manipulative . . . repetitive movements." Tr. 45.

Although Plaintiff argues there are no conflicting medical opinions, ECF No. 18, Dr. Bayles, an examining orthopedic surgeon, reviewed the record in March

ORDER - 11

2016, including results of the January 2016 electrodiagnostic testing cited by Dr. Maya as the basis for assessing limitations on handling, fingering, and feeling for the right hand. Tr. 638-51. Notably, Plaintiff did not complain of right-hand numbness and pain to Dr. Bayles, although his symptoms included right shoulder, elbow, and back pain, and left-hand pain from an old injury. Tr. 640. Dr. Bayles examined Plaintiff's hands and tested grip and pinch strength. Tr. 645-46. Although he diagnosed a left fourth finger strain, he did not diagnose carpal tunnel syndrome or any right-hand impairment and did not assess any handling, fingering, or feeling limitation; in fact, Dr. Bayles opined "there are no objective physical findings preventing the claimant from working at some level." Tr. 648. The ALJ gave "substantial weight" to Dr. Bayles' opinion. Tr. 24.

In March 2018, Dr. Olson, another examining orthopedic surgeon, reviewed the record, including the January 2016 electrodiagnostic test results and additional June 2017 electrodiagnostic test results. Tr. 985-87. Dr. Olson noted that on June 12, 2017, Dr. Scott Carlson performed another nerve conduction velocity test which was normal with no abnormalities, no ulnar mononeuropathy and no prolonged ulnar sensory latency. Tr. 987. Dr. Olson found Plaintiff gave less than full effort on range of motion and strength tests and included exam findings regarding ulnar nerve testing. Tr. 990. He did not diagnose carpal tunnel syndrome or any right-hand impairment and did not assess any handling, fingering, or feeling limitations. Dr.

ORDER - 12

Olson opined that Plaintiff could work with some lifting restrictions. Tr. 991. The ALJ gave "great weight" to Dr. Olson's opinion. Tr. 25.

The opinions of Dr. Bayles and Dr. Olson conflict with Dr. Maya's opinion, as does the opinion of the state reviewing physicians, Dr. Platter, who opined in December 2016 that Plaintiff's ability to handle, finger, and feel is unlimited. Tr. 137, 152. Dr. Platter's opinion was given partial weight by the ALJ who found support for greater postural and manipulative limitations than those assessed by Dr. Platter. Tr. 25.

There is a conflict in the evidence about the assessment of handling, fingering, and feeling limitations. It is not clear from the record that Plaintiff is disabled. For this reason, remand is appropriate for the ALJ to resolve the conflict and assign weight to Dr. Maya's opinion. *Dominguez v. Colvin*, 808 F.3d 403 (9th Cir. 2015). Accordingly, remand for further proceedings is appropriate, not an award of benefits.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED** in part.

2. Defendant's Motion for Remand, **ECF No. 17**, is **GRANTED**.

ORDER - 13

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

4. On remand, the ALJ shall: (1) take any action necessary to further develop the record and hold a de novo hearing; (2) reconsider the opinion evidence; and (3) reconsider the sequential evaluation process as necessary, including if necessary, reevaluating Plaintiff's residual functional capacity, reevaluating Plaintiff's ability to perform other work; making specific findings; explaining and resolving any conflicts in the evidence; and obtaining vocational expert testimony.

5. Upon proper presentation, this Court will consider Plaintiff's application for costs, expenses, and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(a), (d).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** September 30, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 14